FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 MAY -6 PM 4:01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY LYNNE MORRISON | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION  09-3466 |
| | * | |
| | * | JUDGE  SECT. R MAG. 4 |
| WELLS FARGO BANK, N.A. f/k/a | * | |
| WELLS FARGO HOME MORTGAGE, INC. | * | MAGISTRATE |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CLASS ACTION COMPLAINT FOR DAMAGES
### AND DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, on behalf of herself and all others similarly situated, for their Complaint against Wells Fargo Bank, N.A. f/k/a Wells Fargo Home Mortgage, Inc., hereby alleges:

1.

Wells Fargo Bank, N.A. f/k/a Wells Fargo Home Mortgage, Inc. ("Wells Fargo") holds itself out as the nation's #1 lender to homebuyers, uniquely positioned for success in today's changing consumer mortgage market, with over 10,000 mortgage specialists in 2,300 locations around the country.

2.

Wells Fargo routinely seeks to collect and does collect various broker's price opinion ("BPO") fees, that are in excess of actual costs.

3.

Through the BPO's, Wells Fargo has engaged in a nationwide scheme of illegal, unfair, unlawful and deceptive business practices that violate both federal and state law in the servicing of home-secured loan transactions and in the provision of certain related services. Said scheme is carried out by means of a centrally controlled set of mortgage management policies and practices.

4.

Wells Fargo then assesses these improper BPO's, and related costs (collectively the "Improper BPO's") to borrowers' accounts and then demands payment in various contexts including, without limitation, monthly bills, reinstatement demands, payoff statements, court pleadings, collection letters and collection calls. The Improper BPO's are then collected from borrowers' monthly payments and in other contexts, such as reinstatement agreements, recovery from the proceeds of foreclosure sales and loan payoffs.

5.

In assessing and/or collecting the Improper BPO's Wells Fargo also mishandles borrowers' mortgage payments and fails to timely or properly credit payments received, resulting in late charges, delinquencies or default, *i.e.*, Wells Fargo mishandles borrowers' escrow accounts, making unauthorized or untimely payments from escrow accounts.

6.

Plaintiff asserts that Wells Fargo has engaged in a regular pattern of violations of the federal law requirements imposed by the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), with respect to misapplication of payments. Plaintiff also alleges that Wells Fargo's practices are misleading, deceptive and unfair under state law.

7.

Plaintiff seeks injunctive relief to prevent recurrence of the challenged conduct, and to assure uniform standards of future servicing of loans and equitable relief and damages for themselves and the class generally, including restitution and disgorgement of funds obtained by Wells Fargo in violation of state and federal law.

8.

Plaintiff is a Wells Fargo mortgagee who was charged fees for Improper BPO's.

9.

United States Bankruptcy Judge Elizabeth W. Magner, Eastern District of Louisiana, has ruled that Wells Fargo's mortgage management practices are questionable, and more specifically has ruled that BPO's have been charged and assessed to mortgagees as undisclosed fees, disguised as third party costs, and illegally imposed by Wells Fargo.

**JURISDICTION AND VENUE**

10.

This Court has diversity over the subject matter of this complaint pursuant to 28 U.S.C. § 1332 and otherwise, in that the matter in controversy between the class and the defendant exceeds the jurisdiction amount, and there is "minimal diversity" under the Class Action Fairness Act, and under 28 U.S.C. § 1331, including the Real Estate Settlement Practices Act, 12 U.S.C.

3

2601, *et seq.* ("RESPA"), and other federal causes of action. The action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction of any state law claims pursuant to 28 U.S.C. 1367.

11.

Venue is proper in the Eastern District of Louisiana, pursuant to 28 U.S.C. 1391, as the claims of the named class representatives arise in this district, and the defendant transacts business in this district.

### THE PARTIES

12.

Plaintiff is, and at all material times was, a citizen of Louisiana, living within this District.

13.

Defendant is a foreign corporation with its principal place of business at 101 North Phillips Avenue, Sioux Falls, South Dakota, 57104, which at all material times herein, operated and conducted business in Louisiana and nationally.

### FACTUAL ALLEGATIONS RELATING TO THE NAMED PLAINTIFFS

14.

Plaintiff, Troy Lynne Morrison, is a mortgagee with Wells Fargo, who was charged for Improper BPO's regarding her property located in the Parish of Jefferson, State of Louisiana.

15.

Through mortgage management specialists and sophisticated computer programs Wells Fargo has purposefully managed its management and lender practices in such a way as to maximize Wells Fargo's profits.

16.

Wells Fargo's questionable loan administration practices have been addressed by courts, as herein referenced, with the Eastern District of Louisiana, and Wells Fargo has been ordered by courts to take appropriate actions, including to not only cease such inappropriate practices, but to adequately account to the victims of said practices.

17.

Wells Fargo has utilized the services of alleged "third parties" to perform Improper BPO's, which are not in fact true "third parties" at all, and instead are either owned and/or controlled by, or a division of, Wells Fargo itself. Further, Wells Fargo represents to the mortgagee that the Improper BPO charge is merely a "pass through" of actual charges, when in fact this is not the case. In violation of the mortgage and without notice to the mortgagee, Wells Fargo secretly engages in "value billing" and without disclosure or notice, marks up the BPO to include profit for Wells Fargo, in excess of the actual cost and in violation of the mortgage.

18.

Wells Fargo has intentionally and knowingly assessed mortgagees for Improper BPO's that are overstated, inflated and unreasonable, and therefore constitute the abusive and illegal imposition of unwarranted fees. Wells Fargo has utilized this illegal "value billing" to convert mortgagees' properties and recoup unauthorized profits for Wells Fargo.

## CLASS ACTION ALLEGATIONS

### *General Allegations*

19.

The class is defined as any and all persons in the United States who are mortgagees in which the defendant is a mortgagor, and who have been charged Improper BPO's. Excluded

from the class are any employees, officers or directors of Wells Fargo, or of any of its affiliates or subsidiaries, as well as the legal representatives, heirs or the assigns any such employee, officer or director.

20.

The defendant has engaged in the same course of conduct as to the named plaintiff and others similarly situated throughout the country.

21.

Plaintiff seeks to bring this case as a class action on behalf of herself and all other similarly situated Wells Fargo mortgagees.

### *Numerosity*

22.

The proposed class is so numerous that joinder of all members is impractical. On information and belief, thousands of persons fall within the definition of the class alleged.

### *Commonality and Common questions of Law and Fact*

23.

There are questions of law and fact common to the class, including:

a. The propriety of Wells Fargo's policies regarding the Improper BPO's, and whether class members have a right to damage and restitution as a result of same; and

b. Whether Wells Fargo illegally assessed and/or collected Improper BPO's.

### *Typicality*

24.

Plaintiff's claims are typical of the claims of the class members because they are based on the same factual, legal and remedial theories as the claims of the class and based on identical conduct by the defendant.

25.

The only individual questions concern the identification of class members and the computation of the relief to be afforded each class member, all of which can be determined by a ministerial examination of the relevant files.

### *Adequacy of Representation*

26.

Plaintiff can and will fairly and adequately represent and protect the interests of the class because plaintiff is similarly situated with and has suffered similar injuries as the members of the class she seeks to represent. Plaintiff has no interests that conflict with or are antagonistic to the interests of the class or any of its members. Plaintiff has retained attorneys competent and experienced in class actions and complex litigation both in and outside of the context of bankruptcy who will vigorously prosecute this litigation.

### *Predominance and Superiority*

27.

A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

    a.    Common questions of law and fact predominate over any individual questions that may arise;

b.  No member of the class has a substantial interest in individually controlling the prosecution of a separate action;

c.  Upon information and belief, there are no pending lawsuits concerning this controversy;

d.  It is desirable to concentrate the litigation of these claims in this forum since the acts complained of took place in this district and this forum is convenient to the parties, the class members, and the potential witnesses. The resolution of the claims of all class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in this litigation;

e.  Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for defendants;

f.  The class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action; and

g.  Resolution of class members' claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claims.

**CLAIMS FOR RELIEF**

28.

The class members have been equally damaged by the assessment and/or collection of Improper BPO's, and that they are therefore entitled to damages, under the laws to be determined, for unjust enrichment, breach of fiduciary duty, misrepresentation, detrimental

reliance, conversion, fraud, conspiracy, unfair and deceptive trade practices, breach of contract, bad faith, negligent, tortious and intentional acts.

29.

The assessment and/or collection of Improper BPO's is a violation of the mortgage contract with individual class members, for which the class members are entitled to appropriate damages for breach of contract.

30.

The class members who have been the victims of Improper BPO's, and who have unknowingly paid same, are entitled to be reimbursed the amounts of same on the basis that the defendant, Wells Fargo, has been unjustly enriched, and has converted funds to its own use that it should not have been allowed to convert, and that the plaintiff is entitled to damages therefor.

31.

Wells Fargo's application of mortgage payments with respect to the Improper BPO's are in violation of 12 U.S.C. § 2603 *et seq.*, also known as the Real Estate Settlement Procedures Act, or RESPA, and plaintiff is entitled to all damages, costs and penalties arising thereunder.

32.

The actions of Wells Fargo, in assessing and collecting Improper BPO's constitute intentional and fraudulent acts. This has been an intentional scheme on the part of Wells Fargo to defraud its customer mortgagees, and to assess and collect Improper BPO's that are inflated and inure only to Wells Fargo's benefit.

33.

Alternatively, Wells Fargo has been negligent and grossly negligent in the performance of its mortgage management systems, by failing to adequately oversee computer programs and

systems that automatically generated orders BPO's, by failing to adequately oversee and manage the performance of BPO's, whether appropriately ordered or not, and in other respects to be shown, for which the class members are entitled to additional damages.

34.

Further, Wells Fargo's assessment and collection of Improper BPO's is a violation of fiduciary duties owed to mortgagees.

35.

Plaintiff is entitled to and hereby prays for trial by jury.

**WHEREFORE**, plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

1. An order certifying that the action may be maintained as a class action for the class, and appointing plaintiff as the class representative and plaintiff's counsel to represent the class;

2. An order declaring the conduct of the defendant to be void and unenforceable as being in violation of the law, enjoining the defendant from continuing to engage in the same as to any person and requiring it to pay reasonable damages and/or reverse any assessments and/or collections found to be the result of the acts and violations set forth herein;

3. Any and all relief in the premises, including any statutory penalties, punitive damages, restitution and damages resulting from Wells Fargo's unlawful practices in connection with the assessment or collection of Improper BPO's, together with pre-judgment interest;

4. Reasonable attorneys' fees;

5. Costs of this litigation, including expert witness fees, costs associated with the certification of this matter, including class notice, and all other costs to which the plaintiff and the class are entitled; and

6. Such further relief this Court may deem necessary or proper.

Respectfully submitted,

*[signature]*
Marguerite K. Kingsmill (#7347)
Charles B. Colvin (#4352)
John V. Nguyen (#30651)
**KINGSMILL RIESS, L.L.C.**
201 St. Charles Avenue, Suite 3300
New Orleans, LA 70170-3300
Telephone: (504) 581-3300

**COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.**
Philip F. Cossich, Jr. (#1788)
David A. Parsiola (#21005)
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone (504) 394-9000

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this \_6th\_ day of \_May\_ 2009, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the non-CM/ECF participants.



S:\Fitch - 1164\001 Wells Fargo Class Action\Pleadings - (Morrison Class Action) USDC #\090429 Morrison Complaint.doc